IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR319 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DAVID MOSS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 26) issued by Magistrate Judge recommending denial of the motion to suppress filed by the Defendant, David Moss (Filing No. 10). Moss filed a statement of objections to the Report and Recommendation (Filing No. 28) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Moss is charged in a one-count Indictment with possessing firearms after having been convicted of a domestic violence misdemeanor offense. (Filing No. 1.) Moss seeks an order suppressing the evidence found during a warrantless search of his residence at the time of his arrest.

Following an evidentiary hearing, Magistrate Judge F.A. Gossett issued a Report and Recommendation in which he concluded: exigent circumstances (including the possibility of danger from a person inside the residence, but excluding officer safety) excused the officers from obtaining a search warrant in order to perform a protective sweep of the residence; and only the guns in plain view were lawfully seized.

On the basis of these determinations, Judge Gossett recommended that Moss's motion be denied as to the weapons found in plain view and otherwise granted.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

The Magistrate Judge adopted the statement of facts presented in the government's brief. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 27). The Court also carefully viewed the evidence (Filing No. 24). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

**FACTUAL BACKGROUND**

Briefly, the facts adopted by Judge Gossett are as follows. on July 7, 2005, a 911 call was received from a girl who described herself as the daughter of a man who had a handgun, possibly a .45, and had pulled back the clip. The daughter said she had run out of the house but her mother was still inside. The girl said her father threatened to kill "everyone." The police dispatcher called to officers, reporting that the Defendant and an adult female[1] were arguing and that the Defendant was armed with a handgun and threatening others. The dispatcher identified the caller as the Defendant's daughter and said that the daughter had run out of the house.

---

[1] The adult female was later identified as Dacia Davis, the Defendant's girlfriend.

Several officers responded. They blocked off the street and took other precautions. Within several minutes, the Defendant exited the house with his parents in front of him. The Defendant was taken into custody outside the residence. Officers then entered the residence to "clear" the house. Dacia Davis had told Officer Reynolds that there were others inside the house, including a 14-year old girl possibly hiding in the basement. After officers began clearing the house, an Emergency Response Unit ("ERU") arrived. The ERU helped clear the house and then left. Guns and ammunition were seen in plain view initially by the ERU and then by the other officers. A further search was made, and more guns were found under a bed, inside gun cases, between a mattress and box spring, and inside a dresser drawer. (Filing No. 20-1.)

## ANALYSIS

The Defendant objects to several findings of fact, and to the conclusion that exigent circumstances justified the warrantless entry into the residence. The objections are discussed below.

### *Filing No. 20-1, at 1, ¶ 3*

The pertinent finding of fact is: "By 5:08 dispatch ordered the air cleared, except for emergency traffic. As of this time police had not had contact with anyone inside the Defendant's house." The Defendant objects to this statement to the extent that it suggests officers did not know the whereabouts of the 911 caller's mother, because the caller's mother, Dacia Davis, talked with Officer Reynolds when Reynolds arrived at the scene. The Defendant further argues that Reynolds "knew or should have known" that the woman was one of the parties believed to have been in the house at the time of the initial call.

A review of Officer Reynolds' testimony reveals: she received the call to go to the residence at approximately 4:55 p.m. on July 7, 2005 (Tr. 6); a woman continually approached her from across the street (Tr. 8-9); she estimated that about fifteen minutes passed before she had contact with anyone from inside the residence in question (Tr. 9); upon taking information from the woman that kept approaching her from across the street Reynolds determined that the woman initially had been in the house in question (Tr. 12); Reynolds took the woman's domestic violence report (Tr. 14); the woman, whose name Reynolds could not recall, was later found to be the Defendant's girlfriend (Tr. 18); and she did not recall whether the woman told her that she had been inside the house (Tr. 19).

The testimony does not reflect that Reynolds knew that the woman was inside the house, and the Court will not speculate as to what Reynolds "should have known." In light of the testimony, the Court does not find the statement in Filing No. 20, page 1, ¶ 3 inaccurate. The objection is denied.

***Filing No. 20-1, at 2, ¶ 2***

The Defendant objects to the following finding: "As the officers were beginning to clear the house, Officer Reynolds radioed that there were parties inside the house, including a 14-year old girl who was possibly hiding in the basement." The Defendant argues that this fact is inconsistent with the evidence.

Officer Chris Hallgren testified as follows: "I believe [Officer Reynolds] - I think she made a statement on the radio about a 14-year old girl who may be in the house" either just as officers entered the house or as they stood in the kitchen waiting for the ERU to clear the house. (Tr. 34.) Officer Reynolds testified that she radioed that the 14-year old might have been in the house was made within about 75 seconds after the instruction was

4

given to clear the house, and she stated that she did not know whether the basement had been cleared when she radioed. (Tr. 20.) And finally, Officer Chad Schroeder testified that the first floor was cleared first, then the basement. (Tr. 69-70.)

Given the evidence, the Court concludes that Judge Gossett's finding of fact is not inconsistent with the evidence. Moreover, the Court does not agree with the Defendant's conclusion that "it is likely that the first floor and basement were cleared prior to Officer Reynolds' radio broadcast." The objection is denied.

### *Exigent Circumstances*

Ultimately, the Defendant objects to officers' search of the residence based on exigent circumstances, that is the possible presence of a third party, such as the 14-year old, inside the house. While the Eighth Circuit does not appear to have decided this issue, other courts have concluded that searches of a residence are appropriate where a defendant is arrested outside. The Court acknowledges that many of these decisions rest upon concerns for officer safety, which was determined not to be an issue in this case. However, courts recognize that the safety of third parties is an exigent circumstance that may justify a protective sweep where an arrest occurs outside a place of residence. *Minnesota v. Olson,* 495 U.S. 91, 100 (1990) (acknowledging that exigent circumstances justifying a warrantless entry include a situation in which a risk of danger to third parties is present); *United States v. Cavely,* 318 F.3d 987, 995-96 (10th Cir. 2003) (specific facts may determine exigent circumstances justifying a protective sweep where one is arrested outside the residence); *United States v. Arch,* 7 F.3d 1300, 1304 (7th Cir. 1993) (exigent circumstances were present where the defendant was arrested in the motel lobby and a

5

reasonable experienced officer could conclude that someone inside the room might need immediate aid).

Applying this principle to this case, given the evidence presented a reasonable officer could have concluded that the 14-year old or another person remained inside the residence. Such person(s) could have needed immediate assistance or could have presented a danger to third parties. Therefore, the protective sweep was justified.

*Scope of Search*

In the supporting brief, the Defendant appears to object to the scope of the search. (Filing No. 11, at 2.)  Once they were legally inside the residence, the officers could seize firearms or other incriminating evidence in plain view. *United States v. Hill,* 430 F.3d 939, 942 (8th Cir. 2005).  To the extent that the search in this case reached beyond a protective sweep, evidence found in the course of a full search was suppressed.  (Tr. at 112-13.) Therefore, any objection to the scope of the search is denied as moot.

## CONCLUSION

For the reasons discussed, Judge Gossett's Report and Recommendation is affirmed in its entirety, and the Defendant's objections are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 26) is adopted in its entirety;

b. The Objections to the Report and Recommendation (Filing No. 28) are overruled;

3. The Defendant's Motion to Suppress (Filing No. 10) is denied in part and granted in part as follows:

   a. the motion is denied as to all weapons other than the handgun identified as a .45-caliber handgun on the bed or headboard of the bed and the long guns found under the bed; and

   b. otherwise, the motion is granted.

DATED this 30th day of January, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge